# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 6, 2022

Lyle W. Cayce
Clerk

No. 20-51032

Lyndon MiJoseph Pierre,

*Plaintiff—Appellant*,

*versus*

Sheila Vasquez, in her Official Capacity as Manager of the Texas Department of Public Safety-Sex Offender Registration Bureau; Texas Department of Public Safety; Steven McCraw, in his Official Capacity as Director of the Texas Department of Public Safety,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:20-CV-224

Before Davis, Elrod, and Oldham, *Circuit Judges*.

W. Eugene Davis, *Circuit Judge*:*

Lyndon MiJoseph Pierre appeals the district court's summary judgment in favor of defendants-appellants Sheila Vasquez and Steven

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-51032

McCraw, representatives of the Texas Department of Public Safety, dismissing his claims under 42 U.S.C. § 1983 seeking to enjoin defendants from requiring him to register as a sex offender. The district court concluded that Pierre failed to sufficiently allege an injury, and therefore lacked standing. Because the reputational damage to Pierre from being required to register as a sex offender constitutes injury, we REVERSE and REMAND.

## I. BACKGROUND

In September 2015, a federal grand jury empaneled in the District of Arizona indicted Lyndon MiJoseph Pierre under two counts: (1) knowingly attempting to transport an individual from Arizona to Texas to engage in prostitution, in violation of 18 U.S.C. § 2421, and (2) knowingly attempting to persuade, induce, entice, or coerce an individual to travel from Arizona to Texas to engage in prostitution, in violation of 18 U.S.C. § 2422(a).

Pierre thereafter entered into a plea agreement with the federal Government.  In this agreement, Pierre agreed to plead guilty to the first count, and the Government agreed to dismiss the second at sentencing. Consistent with the agreement, Pierre pled guilty to count one. The district court accepted the plea, entered a judgment of conviction on the § 2421 charge, and dismissed count two. The court sentenced Pierre to 16 months in prison and three years of supervised release. Although Pierre's supervised release came with many conditions, he was not required to register as a "sex offender" under the Sex Offender Registration and Notification Act ("SORNA").[1]

After Pierre completed his term of imprisonment, and while serving his term of supervised release, Pierre's federal supervision officer asked the

---

[1] 34 U.S.C. § 20901, et seq.

No. 20-51032

Texas Sex Offender Registration Bureau ("SORB"), a division of the Texas Department of Public Safety ("DPS"), whether Pierre was required to register as a sex offender. In an email response, SORB indicated that Pierre's conviction under § 2421 "is not substantially similar to a Texas reportable conviction or adjudication," but that he would nevertheless be required to register as an "extrajurisdictional" registrant for a period of 15 years.

On January 30, 2020, Pierre filed this lawsuit in the 345th Judicial District Court of Travis County, Texas, challenging this registration requirement. Pierre sued three defendants: Sheila Vazquez, the manager of SORB, Steven McCraw, the director of DPS, and DPS itself. Pierre alleged that the defendants violated his right to procedural due process under the Fourteenth Amendment by failing to provide him with notice and an opportunity to be heard before determining that he is required to register as a sex offender. He asked the court for declaratory and injunctive relief prohibiting defendants from classifying him as a sex offender.

Defendants removed the case to federal district court on the basis of federal question jurisdiction. Vasquez and McCraw moved to dismiss, arguing that Pierre was not entitled to notice and an opportunity to be heard because he had been convicted of a "sex offense," and had therefore received all the process he was due. The DPS separately moved to dismiss on the ground that it is a state agency and therefore immune under the Eleventh Amendment. The district court notified the parties that it would be converting the defendants' motions to dismiss into motions for summary judgment, and that they could file additional materials. Neither plaintiff nor any of the defendants filed anything further.

No. 20-51032

The district court dismissed Pierre's claim against DPS because it was entitled to sovereign immunity.[2] As to Pierre's claims against Vasquez and McCraw, the district court concluded that Pierre lacked standing because he failed to show an injury that is legally cognizable under the Due Process Clause. The court granted summary judgment in defendants' favor for all federal claims, and dismissed the claims. Pierre moved for a new trial or to alter or amend the judgment, but the district court denied his motion. Pierre timely appealed.

## II. DISCUSSION

The basis for the district court's dismissal of Pierre's claims against Vasquez and McCraw was its conclusion that Pierre lacked standing to assert his federal claims. We consider questions of standing *de novo*.[3]

Article III of the Constitution limits federal jurisdiction to cases or controversies.[4] To satisfy this requirement, a plaintiff must have standing, *i.e.*, a "personal stake," in the suit he or she commences.[5] The Supreme Court has established a three-part test for standing: "(i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief."[6]

---

[2] In his brief, plaintiff specifically states that he is not challenging the district court's decision to dismiss DPS.

[3] *Nat'l Rifle Ass'n of Am., Inc. v. Bureau of Alcohol, Tobacco, Firearms, & Explosives*, 700 F.3d 185, 190 (5th Cir. 2012).

[4] U.S. Const. art. III, § 2.

[5] *See Davis v. Fed. Election Comm'n*, 554 U.S. 724, 732-33 (2008).

[6] *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992)).

The district court "confine[d] its analysis" to the first element of standing, "whether Pierre has suffered an injury in fact," and ultimately determined that "current law does not recognize [Pierre's] injury." But the district court erroneously conflated the merits of Pierre's claims with the initial standing inquiry. To succeed on the merits, Pierre must show that the State interfered with his "liberty interest."[7] Although couched as part of its standing analysis, the district court found that, because Pierre had been convicted of a "sexual offense," he could show no deprivation of a liberty interest.

However, the Supreme Court has instructed that "standing in no way depends on the merits of the plaintiff's" claims.[8] To be sure, there are cases in which jurisdictional issues are inextricably "intertwined" with the merits, and a court must reach the merits to determine jurisdiction.[9] But this is not such a case. This Court has previously held that, even if a plaintiff's "stake does not rise to the level of a liberty interest," it may be "enough to satisfy the injury-in-fact requirement of standing."[10] In *Sims v. Young*, a municipal employee sued the City of Fort Lauderdale after it suspended his employment for criticizing the City in a newspaper article.[11] This Court

---

[7] Procedural due process claims are evaluated under a two-step analysis: (1) "whether there exists a liberty or property interest which has been interfered with by the State;" and (2) "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010) (citing *Kentucky Dept. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989)).

[8] *Warth v. Seldin*, 422 U.S. 490, 500 (1975) (citing *Flast v. Cohen*, 392 U.S. 83, 99 (1968)).

[9] *Bolivarian Republic of Venezuela v. Helmerich & Payne Int'l Drilling Co.*, 137 S. Ct. 1312, 1319 (2017).

[10] *Sims v. Young*, 556 F.2d 732, 734 (5th Cir. 1977).

[11] *Id.* at 733.

No. 20-51032

found that the "blot on [the plaintiff's] record" created by the suspension was a sufficient injury for standing, regardless of whether the plaintiff would ultimately succeed on the merits.[12]

Like the "blot" in *Sims*, the reputational harm associated with registering as a sex offender is adequate to support standing, even if it is ultimately an insufficient basis for a "liberty interest."[13] Thus, the district court erred when it found that Pierre lacked standing because, in its view, he could not identify a "liberty interest."

Instead of inquiring as to whether Pierre could identify a "liberty interest," the relevant question is whether plaintiff's alleged injury is "concrete," "particularized," and "actual or imminent."[14] In this lawsuit, Pierre challenges defendants' action requiring him to register as a "sex offender"—a designation he contends is false. At a minimum, the defendants' action subjects Pierre to the damaging reputational consequences[15] of bearing the sex offender label. The Supreme Court has expressly recognized that reputational harm is a "concrete" form of injury to support standing,[16] and in this case, the harm is plainly "particularized" to Pierre.[17] Moreover, the injury is "imminent" because defendants have

---

[12] *Id.* at 734.

[13] *Id.*

[14] *TransUnion*, 141 S. Ct. at 2203.

[15] *See Coleman v. Dretke*, 409 F.3d 665, 668 (5th Cir. 2005) ("*Coleman II*") (noting the "adverse social consequences" caused when a state labels an individual as a "sex offender").

[16] *TransUnion*, 141 S. Ct. at 2204 (recognizing that "reputational harms" qualify as "concrete" injuries) (citing *Meese v. Keene*, 481 U.S. 465 (1987)).

[17] *Lujan*, 504 U.S. at 560 & n. 1 ("[P]articularized . . . mean[s] that the injury must affect the plaintiff in a personal and individual way.").

No. 20-51032

indicated throughout this litigation that they remain firm in their effort to require Pierre to register.[18] In short, Pierre has a sufficient "personal stake" in this litigation to satisfy the injury-in-fact requirement of standing.

In sum, we conclude the district court erred in finding no standing based on its conclusion that Pierre alleged no injury. We therefore REVERSE the district court's decision to the contrary and REMAND for further proceedings consistent with this opinion. On remand, the district court must consider the merits of Pierre's procedural due process claim, including whether Pierre's conviction under § 2421 was a "sex offense" under federal or state law such that Texas could treat him as an "extrajurisdictional registrant."[19]

---

[18] *Stringer v. Whitley*, 942 F.3d 715, 721 (5th Cir. 2019) ("For a threatened future injury to satisfy the imminence requirement, there must be at least a 'substantial risk' that the injury will occur.") (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)).

[19] Tex. Code Crim. Proc. art. 62.001(10).

No. 20-51032

Andrew S. Oldham, *Circuit Judge*, concurring in the judgment in part:

The standing question in this case is easy: Pierre suffered an injury-in-fact by having to register as a sex offender; that injury is traceable to Texas's determination that he must register; and it's redressable by a court order telling Texas they can't make him register. Open and shut.

More interesting is the district court's conflation of standing and the merits. The district court appeared to think (as did the State at oral argument) that Pierre does not have *standing* because his Due Process claim fails on the *merits*. *See Pierre v. Vasquez*, 2020 WL 6064622, at *5–*6 (W.D. Tex. Oct. 14, 2020) ("Pierre cannot show a deprivation of a protected liberty interest" because he was convicted of a sex offense and already "received due process"); *see also id.* at *4–*6 (conflating injury-in-fact with whether Pierre's Fourteenth Amendment claims succeed on the merits). The district court then dismissed Pierre's Fourteenth Amendment claims with prejudice—the appropriate disposition only if the court reached the *merits*—because "Pierre lacks *standing*." *Id.* at *6–7 (emphasis added); *see* 9 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2373, at 756–57 (3d ed. 2008) (jurisdictional dismissals are without prejudice). Compounding the jurisdiction-versus-merits confusion, the State told us at argument that we should resolve both issues. *See* Oral Arg. at 17:45–17:55 (State's argument that "both the merits and this question [of standing] are before the court").

This is all wrong for two reasons. First, the district court confused two distinct concepts—standing and the merits—as explained in cases too numerous to cite. *See, e.g.*, *Ariz. State Legislature v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 800 (2015) (quoting *Davis v. United States*, 564 U.S. 229, 249 n.10 (2011)) (emphasizing that "one must not confus[e] weakness on the merits with absence of Article III standing"); *ASARCO Inc. v. Kadish*,

490 U.S. 605, 624 (1989) (quoting *Warth v. Seldin*, 422 U.S. 490, 500 (1975)) (holding "federal standing . . . in no way depends on the merits of the claim"). Indeed, we've even explained this distinction in the context of sex offenders' constitutional claims. *See, e.g.*, *Duarte ex rel. Duarte v. City of Lewisville*, 759 F.3d 514, 520 (5th Cir. 2014) ("[T]he district court erroneously granted summary judgment for lack of standing because it conflated the actual-injury inquiry for standing purposes with the underlying merits of the Duartes' constitutional claims."). Unless Pierre's claims were so patently frivolous that they triggered dismissal under *Bell v. Hood*, their merits *vel non* are irrelevant to federal jurisdiction. *See* 327 U.S. 678, 682 (1946) ("Jurisdiction . . . is not defeated . . . by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover. For it is well settled that the failure to state a proper cause of action calls for a judgment on the merits and not for a dismissal for want of jurisdiction."); *id.* at 682–83 (noting a claim that's "wholly insubstantial and frivolous" might be dismissable for lack of jurisdiction).

Second, far from frivolous, Pierre's claims are meritorious. The State conceded at oral argument that forcing someone to register for a non-registrable offense is a Due Process violation. *See* Oral Arg. at 20:30–20:40 (Q: "Registering if you're not supposed to register is a Due Process violation?" Counsel for Texas: "Certainly."). This concession accords with our precedent. *See Coleman v. Dretke*, 395 F.3d 216, 222 (5th Cir. 2004) (individuals who have not been convicted of a sex offense have a protectable Due Process interest in "freedom from sex offender classification and conditions"). Thus, it's undisputed that the State violated the Constitution if it ordered Pierre to register for a non-registrable offense.

Pierre committed a non-registrable offense, and it's not a close question. Specifically, Pierre pleaded guilty to a prostitution offense in a federal district court in Arizona. Texas law says such extrajurisdictional

No. 20-51032

offenses are registrable in Texas if they're registrable under federal law. *See* Tex. Code Crim. Pro. art. 62.001(10)(A)(ii). And it's undisputed that Pierre's prostitution offense was non-registrable under federal law.[1]

And in any event, if there were any doubts on this score, they'd be resolved by looking at the judgment of conviction entered by the Arizona district court. That's because, if Pierre's prostitution offense were registrable under federal law, the Sex Offender Registration and Notification Act ("SORNA") would've required the Arizona court to so specify in its supervised-release conditions. *See* 18 U.S.C. § 3583(d) ("The court shall order, as an explicit condition of supervised release for a person required to register under [SORNA], that the person comply with the requirements of that Act."). Here, the Arizona district court imposed numerous conditions on Pierre's supervised release, but it did not require him to register under SORNA. *See Pierre*, 2020 WL 6064622, at *2. And the State concedes that

---

[1] Pierre pleaded guilty to knowingly attempting to transport an individual from Arizona to Texas to engage in prostitution, in violation of 18 U.S.C. § 2421. He admitted that he "met a person who [he] believed to be an adult woman" and "attempted to transport [her] from Mesa, Arizona to Houston, Texas with the intent that [she] engage in prostitution." ROA.247. That crime falls under SORNA's broad definition of "sex offense," making Pierre a "sex offender" unless he qualifies for an exemption. *See* 34 U.S.C. § 20911(1) (defining "sex offender" as "an individual who was convicted of a sex offense"); *id.* § 20911(5)(A) (defining "sex offense" as, among other things, "a Federal offense" under chapter 117 of Title 18); *see also* 18 U.S.C. § 2421 (the offense for which Pierre was convicted is an offense under chapter 117 of Title 18). SORNA exempts from the definition of "sex offense," however, certain offenses involving consensual sexual conduct. *See* 34 U.S.C. § 20911(5)(C) ("An offense involving consensual sexual conduct is *not a sex offense* for the purposes of this subchapter if the victim was an adult, unless the adult was under the custodial authority of the offender at the time of the offense, or if the victim was at least 13 years old and the offender was not more than 4 years older than the victim." (emphasis added)). Pierre attempted to transport an adult for prostitution, and no element of his crime constituted non-consensual conduct. So his offense falls under the exemption, meaning federal law does not require him to register. The State filed a six-page brief in our court that disputed none of this.

the Arizona district court had no obligation to impose a SORNA registration requirement. *See* Oral Arg. at 26:20–26:31 (Q: "Is your position that the District of Arizona, in sentencing your friend on the other side, violated federal law by failing to order in the supervised release conditions that you have to register?" Counsel for Texas: "No."). Thus, it's beyond cavil that federal law imposes no registration requirement for Pierre's offense.

The State responds that SORNA provides only minimum standards for sex-offender registration, and Texas *could* impose additional registration obligations over and above those imposed by federal law. That's undisputedly true. It's also irrelevant because Texas *hasn't* imposed additional obligations. Under SORNA, Pierre does not need to register; the State nonetheless ordered him to register; and the State concedes that ordering someone to register for a non-registrable offense is a violation of the Due Process Clause. That's the end of this case. I'd reverse and render judgment in Pierre's favor.